12362

RAINSFORD v. McKIE *ET AL.*

(141 S. E., 362)

1. Appeal and Error—Appellant Has Burden of Showing Error by Trial Judge in Findings of Fact in Equity Case.—Burden rests on appellant to show error on part of trial Judge in his findings of fact in a case in equity.

2. Mortgages—Proceeds of Timber Sold by Mortgagor, Belong to Mortgagor, Subject to Mortgage, in Absence of Lawful Agreement Permitting Purchaser to Withhold Funds.—Where mortgagor sold timber on premises, proceeds of sale belonged to her, subject to mortgage, in absence of lawful agreement which would permit purchaser to withhold funds.

Before DeVore, J., McCormick, December, 1926. Affirmed.

Action by John Rainsford against John G. McKie, Sr., and wife, the Hines Lumber Company, and another. From the judgment, the Hines Lumber Company appeals.

*Mr. F. A. Wise,* for appellant, cites: *Burden of proving limited authority of agent:* 47 S. C., 139; 92 S. C., 33. *Ratification of part of contract, as a matter of law, is conclusive presumption of ratification of whole contract:* 203 N. W., 802; 110 Atl., 222. *Cannot ratify in part and repudiate in part:* 102 S. E., 316; 103 S. E., 392; 108 S. E., 551; 118 S. E., 430. *Undisclosed principal bound by defenses against agent:* 94 Ill. App., 471; 184 Ill. App., 187.

*Mr. T. B. Greneker,* for respondents, cites: *An agent to make a contract is not authorized to rescind or vary the rights of the principal, unless special authority shown:* 98 S. C., 282. *"Ratification":* 31 Cyc., 1251. *Authority to*

*sell real estate must be strictly pursued and acts outside the authority will not bind the principal:* 31 Cyc., 1363. *Duty of one dealing with agent:* 21 R. C. L., 209, 913. *Agency cannot be used for the benefit of the agent himself:* 88 A. S. R., 849. *Where a power authorized one to sell another's land it does not authorize a sale in consideration of the debt of that person:* 2 C. J., 618. *Agent authorized by parol to sell land, has no power to receive purchase money:* 2 C. J., 619.

.January 25, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In this suit for foreclosure, the issues on the appeal are solely between two of the defendants, Mrs. Bessie R. McKie, the respondent, and Hines Lumber Company, the appellant.

After the execution by Mrs. McKie of a mortgage of real estate owned by her in favor of the plaintiff, which mortgage was duly recorded, certain timber on the mortgaged premises was sold by verbal agreement to Hines Lumber Company. That company cut the timber, and the manufactured lumber was on the premises at the time of the commencement of this action. At plaintiff's instance, the lumber was attached, but Hines Lumber Company gave bond therefor, and was permitted to remove the lumber. The lands brought a sufficient amount to pay mortgage of the plaintiff and the costs of the action. The contest now involves only the money due on the purchase price of the timber.

In its answer, Hines Lumber Company alleged that John G. McKie, Sr., husband of Bessie R. McKie, with the knowledge and consent of Mrs. McKie, representing himself as the owner thereof, sold the timber to it, upon the agreement that the proceeds of such sale were to be applied to certain indebtedness of McKie to that company and to

Bennett Mercantile Company, and that Mrs. McKie was thereby estopped from claiming any of the purchase price of the timber.

Mrs. McKie denied the contentions of Hines Lumber Company, and claimed that that company was to apply the purchase money of the timber to the mortgage indebtedness held by the plaintiff, and she denied any liability for the obligations of her husband and the right of Hines Lumber Company to withhold from her the purchase money of the timber.

The cause was heard by Hon. J. W. DeVore, Circuit Judge, whose decree was in favor of Mrs. McKie, and it is from such decree that Hines Lumber Company appealed.

There are five exceptions and seven subdivisions of one of the exceptions, but only two questions are in fact made.

The first of these questions is the charge by the appellant that the answer of Mrs. McKie admitted that she consented to a sale of the timber to the appellant by her husband as his own timber, and that the proceeds of sale should be applied to the payment of her husband's debts, or that she at least consented to the sale of the timber by her husband as her agent, with full authority to him to collect the purchase money and apply it as he desired; and that, on the pleading, the Circuit Judge should have decreed in favor of the appellant.

We do not find in the answer of John G. McKie, Sr., and his wife, Mrs. Bessie R. McKie, the admissions which the appellant thinks the answer contained. We think the answer clearly denied the liability of Mrs. McKie for the debts of her husband and of the right of Hines Lumber Company to withhold the timber money from her; and the Circuit Judge was correct in his holding. The appellant insists that, even if the answer did not contain the admissions mentioned above, the Circuit Judge committed error in finding against the appellant on the testimony in the case.

It. has been repeatedly held by this Court that the burden rests upon the appellant to show error on the part of a trial Judge in his findings of fact in a case in equity.

We have read carefully all the evidence, and, while we find testimony to show that Mr. McKie agreed that the money from the timber should be applied to his debts, we find nothing that discloses any agreement on the part of Mrs. McKie to such application. Since the timber belonged to Mrs. McKie, the money derived from its sale belonged to her, subject to her mortgage to the plaintiff, unless there was a lawful agreement on her part which would permit the appellant to withhold the funds. We do not find any competent evidence of such an agreement. The evidence is amply sufficient to sustain the findings of the Circuit Judge.

The judgment of this Court is that the decree of the Circuit Judge be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.